WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Susan Sanchez,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-01527-PHX-DJH

**ORDER**

Plaintiff Susan Sanchez ("Plaintiff") seeks this Court's review of the Social Security Administration ("SSA") Commissioner's (the "Commissioner") denial of her application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI"). (Doc. 12). The matter is fully briefed. (Docs. 14, 15). The Court has reviewed the briefs and the Administrative Record (Docs. 8-1–8-11, 9-1–9-10 ("AR.")) and, for the reasons set out below, concludes that this matter shall be remanded for further proceedings.

## I. Procedural Background

On November 5, 2019, Plaintiff filed an application for SSDI and SSI, alleging a disability onset of October 2, 2018.[1] (AR. 1260). Plaintiff's claims were first denied on

[1] In a prior proceeding on earlier-submitted applications, Plaintiff received an unfavorable disability finding on October 4, 2018. (AR. 96–116). Due to this decision, the ALJ determined that Plaintiff was subject to a presumption of continuing non-disability, but he further concluded that this presumption had been successfully rebutted. (*Id.* at 1261). However, for the purposes of this appeal, Plaintiff "asserts the evidence after the October 4, 2018 unfavorable decision established disability after that date, and prior to her date last insured." (Doc. 12 at 2 n.3).

February 10, 2020, and again upon reconsideration on May 15, 2020. (*Id.* at 1321). A telephonic hearing was then held before the ALJ on January 19, 2021. (*Id.*) The ALJ then issued his decision, determining that Plaintiff was not disabled, on May 21, 2021. (*Id.* at 1332). After this decision became a final agency action, Plaintiff sought judicial review of the ALJ's decision, and the district court vacated and remanded the 2021 decision for further proceedings. (*Id.* at 1304–09).

Upon remand, the ALJ held a second telephonic hearing on April 9, 2024, and again issued an unfavorable disability decision on May 8, 2024. (*Id.* at 1260, 1273). On March 15, 2025, the Appeals Council found no reason to assume jurisdiction over Plaintiff's case. (*Id.* at 1247–50). Thus, the ALJ's May 8, 2024 decision was adopted as the agency's final decision. (*Id.* at 1248). Plaintiff subsequently filed the present action on May 6, 2025. (*See* Doc. 1).

## II. The ALJ's Decision

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).[2] If not, the ALJ proceeds to the fifth step, where they determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. §

[2] A claimant's residual functional capacity is defined as their maximum ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *See* 20 C.F.R. §§ 404.1545(a), 404.1520(e), 416.920(e).

404.1520(a)(4)(v). If the ALJ determines no such work is available, then the claimant is disabled. *Id.*

Here, the ALJ first found that Plaintiff had not engaged in substantial gainful activity since October 2, 2018. (AR. 1264). Second, the ALJ determined that Plaintiff suffered from severe impairments in the form of depression and anxiety. (*Id.*) And at the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. (*Id.* at 1264–67).

At step four, the ALJ found that Plaintiff has the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations: she is capable performing simple, routine, and repetitive tasks." (*Id.* at 1267–71). Based on Plaintiff's RFC and the vocational expert's assessment of an individual under the same circumstances as Plaintiff, the ALJ found Plaintiff to be unable to perform any past work. (*Id.* at 1271). Fifth and finally, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, and she was therefore not disabled under the Social Security Act. (*Id.* at 1271–73).

## III. Standard of Review

In considering whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion, considering the record as a whole. *Id.*

To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Orn*, 495 F.3d at 630. The ALJ must "set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*,

806 F.3d 487, 492 (9th Cir. 2015). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.* at 954 (citations omitted).

## IV. Discussion

Plaintiff contends the ALJ erred in rendering its decision because the ALJ improperly discounted her symptom testimony. The Court will address the particular symptoms discussed by Plaintiff and, if necessary, whether any error was harmless.

### A. Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ failed to give clear and convincing reasons supported by substantial record evidence for rejecting her subjective symptom testimony. (Doc. 12 at 13). More specifically, Plaintiff claims that the ALJ improperly discredited her symptom testimony about her neuropathy, headaches, and mental health symptoms, and that Plaintiff's daily activities do not serve as reasons to disregard her symptoms testimony. (*Id.* at 14–19). The Commissioner disagrees, arguing that the ALJ reasonably discounted Plaintiff's symptom allegations based on objective medical evidence, effective treatment, her contradictory statements, and daily activities. (Doc. 14 at 5–10).

An ALJ must perform a two-step analysis when determining whether a claimant's testimony about subjective pain or symptoms is credible. *Lingenfelter*, 504 F.3d at 1035–1036 (9th Cir. 2007). First, the ALJ must determine whether Plaintiff presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *Garrison*, 759 F.3d at 1014. "In this analysis, the claimant is not required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused

some degree of the symptom.' " *Id*. (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). Second, if there is no evidence of malingering, the ALJ may reject the Plaintiff's symptom testimony only by giving specific, clear, and convincing reasons. *Id*. at 1015; *Brown-Hunter*, 806 F.3d at 488–89.

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings about the Plaintiff's credibility are insufficient. *Id*. "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, "an ALJ [is not] required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Additionally, "[a]lthough [a] lack of medical evidence cannot form the sole basis for discounting pain [or symptom] testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Albeit an ALJ may not "effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 495 (9th Cir. 2022).

Here, at the first step, the ALJ determined that Plaintiff's impairments could reasonably be expected to produce the symptoms alleged. (AR. 1268). Nonetheless, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*)

**1. Neuropathy**

First, Plaintiff briefly argues that the "ALJ's general medical summary noted a normal lower extremity nerve study, but failed to explain how this invalidated any testimony related to Sanchez's diabetes neuropathy confirmed and treated by her podiatrist." (Doc. 12 at 14–15). However, in his decision, the ALJ, after noting Plaintiff's diabetic neuropathy, continues on, stating "formal EMG ad EVC testing on May 20, 2022, was performed. The electrodiagnostic examination of the bilateral lower extremities did not reveal any definite evidence of lumbar radiculopathy or peripheral neuropathy on either side. The low amplitude of the right tibial motor nerve was most likely secondary to local trauma or arthritis. The study was normal. It did not show limitations." (AR. 1269). Thus, the ALJ concluded, "[d]espite[] having diabetes and taking insulin, there is nothing in the record showing diabetes or diabetic neuropathy caused limitations which prevented the claimant from performing work activities," and consequently Plaintiff's diabetes and diabetic neuropathy were not severe impairments. (*Id.* at 1269–70).

Based on the foregoing, the ALJ provided specific reasons premised upon the objective medical evidence for discounting Plaintiff's neuropathy symptom testimony. "When the objective medical evidence in the record is inconsistent with the Plaintiff's subjective testimony, the ALJ may weigh it as undercutting the testimony." *Gonzalez v. Comm'r of Soc. Sec.*, 2025 WL 2105634, at *4 (E.D. Cal. 2025) (citing *Smartt*, 53 F.4th at 498–99). "Ultimately, the 'clear and convincing' standard requires an ALJ to show his work[.]" *Smartt*, 53 F.4th at 499. And the ALJ here did so, explaining that the electrodiagnostic examination did not support the claimed symptoms.

**2. Headaches**

Plaintiff next argues that, while the ALJ noted that Plaintiff "reported management and/or improvement in headaches with medication," the ALJ "failed to consider the nature of [Plaintiff's] headaches and their variability in the context of the broader record." (Doc. 12 at 15). In turn, the Commissioner responds that the ALJ was able to discount a claimant's allegations based on evidence of effective treatment. (Doc. 14 at 7).

The ALJ noted that Plaintiff testified, at her first hearing, that she was unable to work due to "experiences with three to four headaches every other day" and "vomiting from headaches[.]" (AR. 1267). At the second hearing, Plaintiff stated that she "has migraine headaches and takes Botox injections and nerve blocks for her migraines." (*Id.*) "She gets two or three headaches in a week. She gets headaches on the side, the front, and the back. They can last up to two hours. The Botox is helping. She gets more relief right after she takes the Botox or gets nerve blocks." (*Id.*) After identifying these reported symptoms, the ALJ's discussion of Plaintiff's headaches is as follows:

> With regard to the claimant's headaches, treatment records from May 31, 2018, show the claimant 'does not have frequent headaches now.' (Exhibit B2F/7). Treatment notes from Mountain Park Health Center throughout 2019 show the claimant denied chest pain and headache. (Exhibit B7F). Similarly, treatment records from Phoenix Neurological & Pain Institute dated November 20, 2019 show the claimant's headaches 'remain under control with current medications.' (Exhibit B10F/2 and B11F/4). In March of 2020, the claimant denied headaches and dizziness. (Ex. B16F/5) In November of 2020, the claimant was using nortriptyline to manage her headaches. (Ex. B21F/4) There has been no substantial change in the severity of the claimant's headaches. In March of 2024 her headaches were well-controlled and there was no concern for seizures. (Ex. 44F/1, 61)[.]

(*Id.* at 1270).

The Ninth Circuit has determined that evidence of successful treatment may be considered in rejecting subjective symptom testimony. *See*, *e.g.*, *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) (deciding that the ALJ properly found that evidence of the plaintiff's gradual improvement through medication and psychotherapy undermined his subjective symptom testimony). Here, the ALJ reasonably relied on evidence of Plaintiff's improvement with treatment to discount his symptom testimony.

To be sure, the ALJ's conclusion and findings as to Plaintiff's headache symptoms could be stated with greater clarity. And the ALJ does omit discussion of Plaintiff's headaches between over the course of several years. Lastly, the Court notes that there is contradictory evidence to that cited by the ALJ between 2019 and 2022. (*See*, *e.g.*, AR. 2045–48; 2055–57; 2059–61). However, the record does reflect that Plaintiff's headaches

were being effectively treated by "nerve blocks, Botox, and [her] current medication" in 2023. (*See*, *e.g.*, *id.* at 1969). Plaintiff confirms, in her brief, that the Botox injections she was receiving improved her headache symptoms as of January 2024. (Doc. 12 at 10; AR. 1918). Moreover, as the ALJ noted, Plaintiff reported that her headaches were under control in March of 2024. (AR. 1270, 2149). Even though Plaintiff argues that the relief from the Botox injections is only temporary, this does not negate the fact that the ALJ's decision to discount Plaintiff's testimony was supported by substantial evidence. *See*, *e.g.*, *Hossein M. v. O'Malley*, 2024 WL 6885528, at *5 (C.D. Cal. 2024) (affirming the ALJ's conclusion that the plaintiff's symptoms improved with treatment even where the pain relief from the Botox injections was short-lived).

Even if a reviewing court finds that there is conflicting evidence in the record, the ALJ's findings must still be affirmed if they are supported by substantial evidence in the record as a whole. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.2007). Because the ALJ's finding was supported by substantial evidence, the ALJ did not err in his treatment of Plaintiff's headache symptoms.

**3. Mental Health Symptoms**

Notwithstanding the above analysis, the Court finds that the ALJ's discounting of Plaintiff's anxiety and depression was not supported by substantial evidence. In arguing that the ALJ improperly discredited Plaintiff's subjective symptom testimony about her mental impairments, Plaintiff observes that the ALJ "appeared to generally discount Sanchez's mental health symptoms by noting Sanchez denied anxiety or depression during two gastroenterology visits in 2022." (Doc. 12 at 17). The Court agrees with Plaintiff's assessment.

In seemingly discounting Plaintiff's anxiety and depression symptoms, the ALJ briefly states:

> The record since the first hearing does not reflect any major changes in the claimant's mental impairments. In April and May of 2022, she denied anxiety and depression during a visit to the gastroenterologist's office. (Ex. B48F/45, 49)[.]

(AR. 1269). The ALJ does not reach a clear conclusion as to these symptoms and makes a broad statement that the record reflected no major changes since Plaintiff's first hearing, without any citation to the record. Most troubling, the ALJ relies on two gastroenterologist visits, where Plaintiff was seen for constipation, to support his discreditation, despite the fact that the record contains documentation from mental health providers. Indeed, there are over one- hundred pages of reporting from Plaintiff's mental health provider (*see* AR. 1562–1680), but the ALJ's assessment is based on statements made during two gastroenterologist visits, where Plaintiff's mental health had nothing to do with the appointments. *See James L. v. Bisignano*, 2026 WL 1047077, at *6 (E.D. Wash. 2026) ("The emergency room records are plainly not substantial evidence. In both, Plaintiff visited the emergency room for nausea and vomiting, and there is a single note that his psychiatric mood and affect was normal. In relying on these records to discount Plaintiff's allegations, the ALJ gave undue weight to the normal mental-health findings during brief physical-ailment appointments.") (internal citations omitted). "With mental health impairments in particular, the ALJ cannot cherry-pick sources and must read evidence in context." *Dillard v. Comm'r of Soc. Sec. Admin.*, 2023 WL 3317077, at *11 (D. Ariz. 2023) (collecting cases).

The Commissioner attempts to note that the ALJ further discussed Plaintiff's mental impairments at other points in the decision. (*See* AR. 1265). While this is true, this discussion concerns Plaintiff's mental impairments overarchingly and only provides one reference to Plaintiff's depression and anxiety. (*See id.*). It is thus insufficient to constitute specific, clear, convincing reasoning. The Commissioner's further attempts to cite to record evidence corroborating the ALJ's decision is unavailing because the Court is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r. of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

The ALJ's discreditation of Plaintiff's depression and anxiety symptoms was not

supported by substantial evidence, and the reasons proffered for doing so are unconvincing. *Treichler*, 775 F.3d at 1099 (stating that the ALJ "must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"). Moreover, the singular reason the ALJ provided does not allow for meaningful review by the Court. *Parker v. Colvin*, 2015 WL 3448182, at *4 (D. Ariz. 2015) ("When an ALJ finds that a claimant's subjective symptom testimony is not credible, she must set forth specific, clear and convincing reasons for discounting it to ensure a reviewing court that the determination is not arbitrary.").

Based on this conclusion, the Court does not reach Plaintiff's arguments regarding the ALJ's treatment of her daily activities.

**C. Harmless Error**

An ALJ decision will not be reversed for errors that are harmless. *Stout v. Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990)). However, a reviewing court cannot consider an error harmless "unless it can confidently conclude that no reasonable ALJ … could have reached a different disability determination." *Id.* at 1056. In other words, legal errors are harmless only if they are inconsequential to the non-disability decision. *Id.* at 1055.

Here, the Court is unable to conclude that the ALJ's failure to state legally sufficient reasons for discounting Plaintiff's subjective symptom testimony was harmless. The ALJ's RFC determination necessarily relied on the ALJ's rejection of Plaintiff's symptom testimony. The Court realizes that the RFC noted that Plaintiff is capable of performing simple, routine tasks (AR. 1267), but it did not take into consideration the discredited portions of Plaintiff's testimony. In consequence, the ALJ's error was not harmless.

**V. Remand**

Once a court has determined an ALJ's decision contains harmful error, it maintains discretion to remand the case for additional proceedings or for an award of benefits. *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998) (citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)). Remand for further administrative proceedings is appropriate if

enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). This is "the proper course, except in rare circumstances[.]" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Conversely, under the "credit-as-true" rule, the court has discretion to remand for an award of benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (citations omitted).

Plaintiff argues his case meets the credit-as-true standard because there are no "significant factual conflicts," or "crucial questions as to the extent of [claimant's] impairment" that require resolution before a finding of disability. (Doc. 12 at 20 quoting *Treichler*, 775 F.3d at 1104–1105 (emphasis omitted)). However, the Court finds it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further analysis of Plaintiff's subjective symptom testimony and an analysis of her daily living activities, is necessary before a proper determination of Plaintiff's disability can be made. Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate here.

Accordingly,

**IT IS ORDERED** that Administrative Law Judge's May 8, 2024, decision is reversed and remanded for additional proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 4th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge